IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

1. STEPHANIE JEFFERS, an individual, )
                                      )
                    Plaintiff,        )
vs.                                   )        Case No. 17-CV-00001-GKF-FHM
1. COMMUNITY ACTION PROJECT           )
OF TULSA COUNTY, INC., a              )        JURY TRIAL DEMANDED
domestic corporation,                 )
                                      )        ATTORNEY LIEN CLAIMED FOR
                                      )        THE FIRM
                    Defendant.        )

## COMPLAINT

**COMES NOW**, the Plaintiff, Stephanie Jeffers ("Jeffers"), by and through her attorney of record, Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.*, and for her cause of action against the above-named Defendant would respectfully show the court as follows:

## STATEMENT OF CASE

This action seeks declaratory relief, actual compensatory and equitable damages, punitive damages, and costs and attorney fees, for a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq,*, more particularly the Pregnancy Discrimination Act of 1978, against the Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is and was, at all times relevant hereto, a resident of the State of Oklahoma, residing in Tulsa, Tulsa County, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information with the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Right to Sue letter on October 3, 2016 which was not received by Jeffers until October 5, 2016 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was a domestic corporation engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e(f), in that she was employed by an employer.

## OPERATIVE FACTS

10. At all times material to this action, Plaintiff was a pregnant female individual employed by the Defendant.

11. In December 2015, Jeffers interviewed for an externship as a teacher's assistant. At that time, Jeffers was 20 weeks pregnant.

12. Jeffers was approved for her externship by Defendant, Community Action Project of Tulsa County, Inc. ("hereinafter CAP") and was assigned to Community Action Project (CAP) Disney from January 4, 2016 through February 4, 2016.

13. At the conclusion of her externship, Jeffers received an excellent review from CAP regarding her performance.

14. During Jeffers' externship, she had learned that there was an open position with CAP Disney for a Teacher's Assistant and, on February 12, 2016, she applied for the position. This was, in all respects, the position that Jeffers had successfully completed as an extern and, accordingly, she believed that she was capable of performing the job in spite of her pregnancy.

15. On February 16, 2016, Jeffers received a phone call and an email from Shelby Sager offering her a job with CAP. Jeffers accepted the position and Ms. Sager sent a list of documents to gather and instructions regarding completion of a drug test and physical before meeting with her to complete her initial hiring documents.

16. On February 16, 2016, Jeffers completed her drug test and physical with Knox Laboratory, as instructed to do by Ms. Sager. Jeffers declined to perform a component of the physical, that which required her to lift 50 lbs., due to her pregnancy even though she believed she was capable of lifting that amount.

17. Jeffers met with Ms. Sager on February 17, 2016 and completed her pre-employment paperwork. At the conclusion of the meeting, Ms. Sager provided Jeffers with the introduction letter, school calendar and benefit information. Ms. Sager also provided Jeffers a document for her physician to complete wherein the physician was requested to provide a note explaining why Jeffers should not complete the 50 lbs. lift test. Finally, Ms. Sager provided Jeffers with instructions on being finger printed as part of the pre-employment paperwork.

18. Per Ms. Sager's request, Jeffers met with her OB-GYN, Dr. Shelli Shoun, at Harvard Family Physicians, and was provided a note which restricted her lifting to no more than 25 lbs. until after she gave birth. After obtaining her fingerprints, Jeffers returned to CAP and dropped off a copy of her prints and her restriction for Ms. Sager.

19. On February 17, 2016, Jeffers received a telephone call from Donna LNU, with CAP's Human Resources department, advising her CAP was rescinding its offer of employment as she was under restrictions due to her pregnancy. Donna further informed me that the reason for this decision was that there could be an evacuation and Jeffers may be required to carry two children during the evacuation.

20. As a result of this conversation, Jeffers went back to her OB-GYN to discuss whether the 25 lbs. restriction was necessary. During that visit, Dr. Shoun re-evaluated the need for the restriction and revised it so as to permit Jeffers to lift up to 50 lbs. Immediately thereafter, Jeffers delivered the new restrictions to Ms. Sager for consideration.

21. On February 18, 2016, Jeffers received a telephone call from Ms. Sager and was informed that CAP was not going to offer her the position because it was possible that lifting 50 lbs. could be an everyday occurrence.

22. During the five weeks that Jeffers worked as an extern for CAP at its Disney, Oklahoma location, she experienced a tornado drill, intruder on campus drill and a fire drill (evacuation) and not once was she required to lift anything or anyone, much less anything which weighed 50 lbs.

23. Jeffers was not offered a position with CAP due to her pregnancy, in violation of the Pregnancy Discrimination Act of 1978, and, as a result of CAP's actions, she has suffered, and continues to suffer, lost wages and emotional distress.

## FIRST CLAIM
### (Pregnancy Discrimination in Violation of Title VII)

24. Jeffers incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

25. Jeffers' status as a pregnant female entitles her to the protections afforded by the Pregnancy Discrimination Act of 1978.

26. Jeffers was qualified to perform the duties of the position for which she was hired by CAP.

27. Jeffers had satisfactorily performed the duties of the positions for which she was hired during her externship.

28. Jeffers received different treatment than similarly situated non-pregnant employees.

29. Jeffers' status as a pregnant female was a motivating factor in CAP's decision to rescind the offer of employment it had extended to her.

30. Jeffers' position was ultimately filled by a non-pregnant employee.

31. The conduct complained of herein constitutes illegal pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

**WHEREFORE,** Jeffers prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Jeffers'

rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Jeffers

in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory

and punitive damages; (4) order that Jeffers be reinstated to her former position, or receive

front pay in lieu thereof; and (5) grant Jeffers such other and further relief as this Court may

deem just, proper and equitable.


Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**


By: _ *s/ Charles C. Vaught* _____
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  Stephanie M. Jeffers
     3444 S. 132nd East Ave.
     Tulsa, OK 74134

From:  Oklahoma City Area Office
       215 Dean A. McGee Avenue
       Suite 524
       Oklahoma City, OK 73102

☐ On behalf of person(s) aggrieved whose identity is
  CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2016-00732 | James E. Habas,<br>Investigator | (405) 231-5485 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____          10/31/16
Holly Waldron Cole,                         (Date Mailed)
Area Office Director

Enclosures(s)

cc:  Traci Kell                    Charles C. Vaught, Esq.
     H.R. Generalist               ARMSTRONG & VAUGHT PLC
     COMMUNITY ACTION PROJECT      2727 E. 21st Street, Suite 505
     4606 S. Garnett, Ste. 100     Tulsa, OK 74114
     Tulsa, OK 74146

**EXHIBIT**
**1**


RECEIVED
10/5/16
DDL to File  01/03/17  TM 3F